IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dale H. Tatro, o/b/o B.T., a minor,     ) | C/A No. 4:09-2317-JFA |
| ) | |
| Plaintiff,     ) | |
| v.     ) | |
| ) | ORDER |
| Michael J. Astrue,     ) | |
| Commissioner of Social Security,     ) | |
| ) | |
| Defendant.     ) | |
| _____     ) | |

    On January 5, 2011, this court reversed the Commissioner's final decision and remanded this case to the Commissioner for further administrative proceedings. Counsel for the plaintiff, Beatrice E. Whitten, has now moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). She suggests that the plaintiff is the prevailing party in this action for social security benefits and that the position of the Commissioner was not substantially justified. Counsel seeks an award of fees in the amount of $9,412.99, representing 57.60 hours of attorney work at the hourly rate of $163.42.

    In the underlying social security disability action, the plaintiff was successful in obtaining a reversal of the Commissioner's decision and a remand for further proceedings. The plaintiff is thus clearly the prevailing party in this action under *Shalala v. Schaefer*, 509 U.S. 292, 302–303 (1993).

    The Commissioner argues that even though he was unsuccessful on the merits, his position was nevertheless substantially justified. As a fallback position, the Commissioner

1

contends that the amount of the award requested is excessive and should be reduced.[1]

The Commissioner correctly points out that the substantial justification test is one of reasonableness in law and fact and that his argument, though ultimately unpersuasive to this court, was reasonable in this case. He also points out that the test for substantial evidence under the Social Security Act is not the same as the test for substantial justification under the EAJA.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,' "the standard requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act." *Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir.1991) (citing *Pierce*, 487 U.S. at 565-66).

---

[1] There is also a brief mention of the fact that the attorney fee petition is "premature." The Commissioner's opposition memorandum, however, does not reference any issue regarding the timing of the petition.

When determining whether Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir.1993).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount*." Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir.2002) (citing *Comm'r v. Jean,* 496 U.S. 154, 163 (1990)).

Moreover, the could should not only consider the "position taken by the United States in the civil action, but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, and carefully considering the entire record in this case, the court has concluded that the position of the Commissioner was not substantially justified. Indeed, the Commissioner recognized that the ALJ's order was not consistent with law and legal precedent. The Commissioner voluntarily requested that the court remand this action pursuant to sentence four of 42 U.S.C. 405(g).

The Commissioner also objects to the amount of attorney's fees contending such fees are excessive. The Commissioner's brief contains a reference to several attorney fee cases of recent years in which there appears to be a consensus that an hourly range of 20 to 40 hours per case is appropriate.

This court is reluctant to impose a "one-size-fits-all" standard on attorney fee requests. The court has carefully reviewed the time sheets appended to the attorney fee petition and has, however, concluded that the number of hours should be trimmed to reflect a reasonable number of hours. The court finds that the number of hours reasonably expended in this case should not exceed 47 hours. The court will therefore award attorney's fees under the EAJA on this basis.

For the foregoing reasons, the petition is granted and the plaintiff is hereby awarded attorneys fees of $7,680.74. This represents 47 hours of work in federal court at the rate of $163.42 per hour. This hourly rate represents the increase in the cost of living since the amendment to the EAJA took effect on March 29, 1996. That statute set the hourly rate at $125 per hour, but acknowledged that a cost of living increase might be appropriate. According to the Consumer Price Index (CPI) for this Region, as reported by the Bureau of Labor Statistics, there have been cost of living increases which can be added to the base rate of $125, yielding the current hourly rate of $163.42 for year 2010.[2]

In the event that past due benefits are awarded, the plaintiff shall have 60 days after being served with a Notice of the Past Due Benefits to file for fees under 42 U.S.C. § 406(b). If plaintiff demonstrates entitlement to a fee under this provision, counsel will be required to refund to the plaintiff the amount of the smaller of the two fees.

---

[2] The fees must be paid to plaintiff. *See Astrue v. Ratliff*, 505 U.S. \_\_\_, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir.2009) (same).

4

IT IS SO ORDERED.

March 28, 2011　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge

5